[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2006
THOMAS K. KAHN
CLERK

No. 05-14965
Non-Argument Calendar
_____

D. C. Docket No. 04-00047-CV-CB-C

PATRICIA A. REYNOLDS,

Plaintiff-Appellant,

versus

JOHN E. POTTER,
Postmaster General,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 3, 2006)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

U.S. Postal Service employee Patricia Reynolds filed suit in district court against John Potter, U.S. Postmaster General (Postal Service), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a). The district court granted summary judgment in favor of the Postal Service on Reynolds' claims. Reynolds asserts the district court erred in considering the Postal Service's summary judgment motion because, pursuant to Federal Rule of Civil Procedure 56(f), the court should have allowed her to conduct discovery before ruling on the motion.

A district court's refusal to grant a continuance of a summary judgment motion in order to conduct discovery is reviewed for an abuse of discretion. *Burks v. Am. Cast Iron Pipe Co.*, 212 F.3d 1333, 1336 (11th Cir. 2000). Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"The availability of a continuance is built into the rules to guard against the premature entry of summary judgment." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989). Furthermore, Rule 56(f) "allows a party who has no specific

2

material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Id.* (quotations omitted). A party requesting such a continuance, however, is required to "present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." *Id.* "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." *Id.* (quotations omitted).

In this case, Reynolds did not file an affidavit in compliance with Rule 56(f), stating why she needed additional time to conduct discovery or why she otherwise was unable to respond to the Postal Service's summary judgment motion. Although Reynolds explained that, at the time the Postal Service filed its summary judgment motion, the parties had not held a planning meeting, nor had a scheduling order been issued, she did not discuss the nature of her need for additional discovery. Accordingly, the district court did not abuse its discretion in denying Reynolds' request for additional time to conduct discovery under Rule 56(f).

**AFFIRMED.**

3